# Morgan Lewis

**Regina Schaffer-Goldman**
+1.212.309.6689
regina.schaffer-goldman@morganlewis.com

September 17, 2019

**VIA CM/ECF**

The Honorable Pamela K. Chen
United States District Judge
U.S. District Court, Eastern District of New York
225 Cadman Plaza East, Room N 631
Brooklyn, NY 11201

Re:    <u>Bank v. Spark Energy, LLC,</u> Civil Action No. 1:19-cv-04478-PKC-LB (E.D.N.Y.)

Dear Judge Chen:

We represent Defendant Spark Energy, LLC ("Spark") in the above-referenced matter. Pursuant to Part 3.A of Your Honor's Individual Practices and Rules, we write to request a pre-motion conference for leave to file a Motion to Dismiss Plaintiff Todd C. Bank's Complaint.

The conclusory Complaint alleges three causes of action related to purported telemarketing calls: violation of (i) 47 U.S.C. § 227(b)(1), (ii) 47 C.F.R. § 64.1200(c)(2) and 47 U.S.C. § 227(c)(5), and (iii) Section 399-p(3)(a) of the New York General Business Law ("GBL"). These three causes of action seem to correspond with two putative federal classes and one New York class, respectively, though they are so ill-defined that it is difficult to tell. All causes of action (and accompanying putative class claims) should be dismissed.[1]

**The Section 227(b)(1) claim fails on both of its grounds (Fed. R. Civ. P. 12(b)(6)).** Per the Complaint at 3, Plaintiff's Section 227(b)(1) claim requires either (i) under Section 227(b)(1)(B), the initiation of a call to a residential phone line using an artificial or prerecorded voice without prior express consent, or (ii) under Section 227(b)(1)(A)(iii), the use of an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to a cell phone number. The complaint fails to allege facts to plausibly suggest the existence of either of these requirements. As to Section 227(b)(1)(B), the Complaint alleges, in conclusory fashion, that Plaintiff received four "New York Telephone Calls," which the Complaint defines as calls that "Spark made[] to telephone numbers with an area code of 212, 315, 332, 347, 516, 518, 585, 607, 631, 646, 680, 716, 718, 845, 914,

---

[1] In this letter-motion, we do not address the issues of (i) lack of personal jurisdiction over putative class members outside New York when no basis exists to assert general jurisdiction over Spark in New York and (ii) lack of standing as to putative class members who allegedly received calls on cellular phones, as the Court has indicated in prior litigation that they should be taken up at a later stage. *See Bank v. CreditGuard of Am.*, No. 18-CV-1311, 2019 WL 1316966, at *12 (E.D.N.Y. Mar. 22, 2019), reconsideration denied sub nom. *Bank v. Freedom Debt Relief, LLC,* 2019 WL 1865196 (E.D.N.Y. Apr. 24, 2019). Per the Court's guidance in that prior litigation, Spark will plead and brief these legal issues at a later date.

Morgan, Lewis & Bockius LLP

101 Park Avenue
New York, NY 10178-0060    ☎ +1.212.309.6000
United States               ✆ +1.212.309.6001

The Honorable Pamela K. Chen
September 17, 2019
Page 2

917, 929, or 934 ("New York Telephone Numbers"),[2] thousands of telephone calls that disseminated a prerecorded message for the purpose of encouraging the purchase or rental of energy-discount services provided by Spark." Compl. ¶ 31.  However, the Complaint fails to state facts that plausibly allege that Plaintiff received four calls from Spark on his residential phone line, such as the number dialed, the dialing number, what the prerecorded messages purportedly said and, most importantly, why Plaintiff believes the calls are from Spark.  *See, e.g., Clayton v. Aaron's Inc.*, No. 3:13-CV-219, 2013 WL 3148174, at *3 (E.D. Va. June 19, 2013) (dismissing TCPA claim because, *inter alia*, "Plaintiff fails to allege any facts regarding the general content, number, timing, or phone number from which any of the alleged messages were sent that show that it is plausible that Defendant used autodialing").  To the contrary, Plaintiff alleges that the alleged message "did *not* state the name of the person on whose behalf the New York Telephone Calls were placed."  Compl. ¶ 37 (emphasis added).  In other words, Plaintiff claims that Spark made four calls to him, but states in the Complaint that Spark's name was not referenced.  This theory is obviously implausible, as Plaintiff well knows from his prior cases.  *See, e.g., Bank v. Vivint Solar, Inc.*, No. 18-CV-2555, 2019 WL 2280731, at *4 (E.D.N.Y. Feb. 25, 2019), *rept. and rec. adopted*, 2019 WL 1306064 (E.D.N.Y. Mar. 22, 2019) (dismissing because, *inter alia*, "Bank provides no details as to the content of the Prerecorded Call from which he could have inferred that it was placed by an agent of Vivint. More importantly, Bank has not identified any statements made by the purported principal (Vivint) that would have led Bank to reasonably believe that the maker of the Prerecorded Call had authority to act on Vivint's behalf.").

As to Section 227(b)(1)(A)(iii), Plaintiff does not assert that he received a call on, or even owns, a cell phone.  To the contrary, he asserts that he only received calls on his "residential telephone line."  This plainly precludes any Section 227(b)(1)(A)(iii) claim.  Further, in addition to omitting the alleged recorded message's content or why he believes it came from Spark, Plaintiff fails to allege that an ATDS was used.  Plaintiff simply states: "The New York Telephone Calls were made with equipment that was capable of storing telephone numbers to be called and that was used, either alone or in conjunction with other equipment, to disseminate a prerecorded message to the telephone numbers that were called without the use of an operator."  Compl. ¶ 37.  Significantly, this statement makes no mention of alleged calls to the two putative "federal" classes that Bank conclusorily alleges and does not even recite the definition of an ATDS.  47 U.S.C. §§ 227(a)(1) (defining ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers").  Nor does the statement contain facts that would plausibly suggest the use of an ATDS.  *See Baranski v. NCO Fin. Sys., Inc.*, No. 13-CV-6349, 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014) ("[a] bare allegation that defendants used an ATDS is not enough"); *Rotberg v. Jos. A. Bank Clothiers, Inc.*, 345 F. Supp. 3d 466, 476 (S.D.N.Y. 2018) ("to qualify as an ATDS under the statute, a device's current functions, absent any modifications to the device's hardware or software, must satisfy the function requirements set out in 47 U.S.C. § 227(a)(1)") (citing *King v. Time Warner Cable Inc.*, 894 F.3d 473, 481 (2d Cir. 2018)); *ACA Intl. v. FCC*, 885 F.3d 687, 693 (D.C. Cir. 2018) (explaining that an ATDS must have the capacity to store or produce telephone numbers using a random or sequential number generator). The Section 227(b)(1) claims should therefore be dismissed.

**The do-not-call claim fails for lack of pleading (Fed. R. Civ. P. 12(b)(6)).**  Plaintiff attempts to state a claim under 47 C.F.R. § 64.1200(c)(2) and 47 U.S.C. § 227(c)(5), but he does not allege

---

[2] The allegation (not made on information and belief) that Spark made thousands of calls to these area codes raises potential Rule 11 concerns, particularly as to whether Plaintiff performed an "inquiry reasonable under the circumstances" before making this assertion.  Nothing in the Complaint suggests that Plaintiff has knowledge about calls to any area code other than his own number.

The Honorable Pamela K. Chen
September 17, 2019
Page 3

that his "residential telephone number" was on the National Do Not Call registry. Obviously, this claim requires such an allegation under Section 227(c)(5) and must be dismissed without it.

**Plaintiff does not have standing to assert a GBL claim (Fed. R. Civ. P. 12(b)(1)), and the factual allegations fail to state such a claim (Fed. R. Civ. P. 12(b)(6))**. In addition to the pleading failures mentioned above, which apply with equal force to Plaintiff's GBL claim, such a claim requires concrete injury, which Plaintiff does not plead. Indeed, Plaintiff recently had a similar claim dismissed for lack of standing, and the reasoning of that case applies here. *See Bank v. CreditGuard*, 2019 WL 1316966, at *10–12 (dismissing individual and class claims under Fed. R. Civ. P. 12(b)(1) because Plaintiff lacked standing under Section 399-p; he alleged minimal time on the phone as his concrete injury). Bank does not assert that he even answered the four alleged calls to his "residential telephone line," let alone that he suffered any concrete injury due to those calls. The GBL claim should be dismissed.

**Without a claim, Plaintiff cannot be a class representative.** As Plaintiff fails to state any claim, he could never act as a class representative related to such claims. *See, e.g.*, *McCabe v. Lifetime Entm't Services, LLC*, No. 17-CV-908-ERK-SJB, 2018 WL 1521860, at *10 (E.D.N.Y. Jan. 4, 2018), *aff'd*, 761 F. App'x 38 (2d Cir. 2019) (dismissing entire suit because "[d]ismissal of the only named class member's claim disposes of the class action.").

Accordingly, Defendant Spark Energy, LLC respectfully requests a conference to seek leave to move to dismiss Plaintiff's Complaint.

                                                          Respectfully submitted,

                                                          */s/ Regina Schaffer-Goldman*

                                                          Regina Schaffer-Goldman

cc:       Counsel of Record (via CM/ECF)