UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TODD C. BANK, Individually and on
Behalf of All Others Similarly Situated,

                         Plaintiff,                        **MEMORANDUM & ORDER**
                                                           19-CV-4478 (PKC) (LB)

        - against -

SPARK ENERGY, LLC,

                         Defendant.

-----------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      On August 5, 2019, Plaintiff Todd C. Bank, an attorney, filed the instant *pro se* action

individually and on behalf of three proposed classes against Defendant Spark Energy, LLC

("Defendant" or "Spark"). Plaintiff alleges violations of the Telephone Consumer Protection Act

(the "TCPA"), 47 U.S.C. § 227, and New York General Business Law ("GBL") § 399-p. Before

the Court is Defendant's motion to dismiss, which the Court grants for the reasons set forth below.

The Court directs Plaintiff to show cause within thirty (30) days from the date of this Order why

he should be permitted to file an amended complaint.[1]

---

[1] At oral argument, the Court discussed, but did not decide, whether Plaintiff should be allowed to amend his Complaint. (Oral Argument Transcript ("Oral Arg. Tr."), Dkt. 22, at 21, 54.)

## BACKGROUND

I.      **Relevant Facts** [2]

Plaintiff is a resident of the Eastern District of New York. (Complaint ("Compl."), Dkt. 1, ¶ 16.) Plaintiff alleges that, in the years prior to this action,[3] Defendant "initiated" thousands of telephone calls to New York residential and cellular telephone numbers with prerecorded messages "for the purpose of encouraging the purchase or rental of energy-discount services provided by [Defendant]." (*Id.* ¶¶ 29–31.) Plaintiff alleges that he received four such calls to his residential telephone line on July 22, July 23, August 1, and August 2, 2019. (*Id.* ¶¶ 40–43.) Plaintiff also alleges that the prerecorded material in these calls did not state the name, address, or telephone number of the person or entity on whose behalf the calls were made. (*Id.* ¶¶ 37–39.)

II.     **Procedural History**

Plaintiff filed the instant action on August 5, 2019. (Dkt. 1.) On September 17, 2019, Defendant requested a pre-motion conference on its anticipated motion to dismiss the Complaint. (Dkt. 12.) The Court construed this letter as an expedited motion to dismiss and set a briefing schedule. (Oct. 7, 2019 Order.) The motion was fully briefed on November 5, 2019. (Dkts. 18, 19, 20.) On December 3, 2019, the Court held oral argument on the motion and reserved decision. (*See* Dec. 3, 2019 Minute Entry.)

---

[2] In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must assume as true all non-conclusory factual allegations in the complaint. *See Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015).

[3] Plaintiff specifies that the claims of the members of the "Federal Robocall Class" and the "Federal Do-Not-Call Class" arose "during the period beginning four years prior to the commencement of this action," while the claims of the members of the New York Class arose "during the period beginning three years prior to the commencement of this action." (*Id.* ¶¶ 9–11.)

## STANDARD OF REVIEW

### I.      Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a claim over which the Court lacks subject matter jurisdiction.   Fed. R. Civ. P. 12(b)(1).   The party asserting subject matter jurisdiction bears the burden to prove the Court's jurisdiction by a preponderance of the evidence.  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)).  A motion to dismiss for lack of standing is properly brought under Rule 12(b)(1) because a party must have standing in order to invoke the Court's power to adjudicate the case under Article III of the United States Constitution.  *See McCrory v. Adm'r of Fed. Emergency Mgmt. Agency*, 600 F. App'x 807, 808 (2d Cir. 2015) (summary order) (citing *Makarova*, 201 F.3d at 113).  To survive a motion to dismiss for lack of Article III standing, a plaintiff must allege facts that, when accepted as true, "affirmatively and plausibly suggest that it has standing to sue." *Reyes v. Sofia Fabulous Pizza Corp.*, No. 13-CV-7549 (LAK) (JCF), 2014 WL 12768922, at *2 (S.D.N.Y. Apr. 7, 2014), *report and recommendation adopted*, No. 13-CV-7549 (LAK) (JCF), 2014 WL 1744254 (S.D.N.Y. Apr. 24, 2014). To establish standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).  An injury in fact must be "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560).

### II.      Federal Rule of Civil Procedure 12(b)(6)

In order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal citation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (internal citation omitted). "In addressing the sufficiency of a complaint, [the Court] accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [the Court is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).

### III.   *Pro Se* Litigants

Complaints brought by *pro se* litigants ordinarily are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation and citations omitted), and are construed liberally "to raise the strongest arguments that they suggest," *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (internal quotation and citation omitted). However, "pro se attorneys . . . typically 'cannot claim the special consideration which the courts customarily grant to pro se parties.'" *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001) (quoting *Harbulak v. County of Suffolk*, 654 F.2d 194, 198 (2d Cir. 1981)); *see*

*also Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (observing that "a lawyer representing himself ordinarily receives no [special] solicitude" (collecting cases)).[4]

## DISCUSSION

Defendant argues that (1) Plaintiff has failed to state a claim under § 227(b)(1) of the TCPA because (a) Plaintiff alleges that calls were only made to his residential, rather than his cellular, telephone number (Defendant's Supplemental Letter Motion to Dismiss ("Def.'s Br."), Dkt. 18, at 1–2), and (b) Plaintiff admits that the calls did not state Defendant's name, address, or telephone number, and the Complaint otherwise does not allege sufficient facts from which to infer that Defendant made the calls (*id.* at 2–3); (2) Plaintiff has failed to state a claim under 47 C.F.R. § 64.1200(c)(2), via § 227(c)(5) of the TCPA, because he did not allege that his residential telephone number was on the national do-not-call registry (*id.* at 4); and (3) Plaintiff lacks standing to allege his GBL § 399-p claim and, even if he did have standing, he has nevertheless failed to state a claim under GBL § 399-p (*id.* at 4–5).

## I.   Plaintiff's TCPA Claims

### A.   Section 227(b)(1)

Section 227(b)(1) of the TCPA prohibits certain unsolicited telemarketing calls for commercial purposes to "any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party." 47 U.S.C. § 227(b)(1)(B). Section 227(b)(1) also makes it unlawful, in relevant part, "to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any

---

[4] The Court notes that Plaintiff Bank is an experienced *pro se* attorney and a frequent litigant in this Circuit. In this district alone, he has filed dozens of civil actions, mostly based on alleged violations of various consumer protection laws such as the TCPA. *See, e.g., Bank v. Simple Health Plans, LLC*, No. 18-CV-6457 (MKB) (ST), 2020 WL 606619 (E.D.N.Y. Feb. 7, 2020); *Bank v. Pro Custom Solar*, 416 F. Supp. 3d 171 (E.D.N.Y. 2018).

telephone number assigned to a . . . cellular telephone service." *Id.* § 227(b)(1)(A)(iii). "[C]laims based on alleged violations of the TCPA need not be pled with particularity." *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 138 (E.D.N.Y. 2015) (citation omitted).

### 1.    Cellular or Residential Telephone Number

Defendant first argues that Plaintiff has failed to state a claim under § 227(b)(1) because he alleges only that he received calls to his residential telephone, in violation of § 227(b)(1)(B), but does not allege that he received any call to his cellular phone, pursuant to § 227(b)(1)(A)(iii). Plaintiff maintains that he need not allege that the calls were made specifically to his cellular phone because both statutory provisions are part of § 227(b)(1). (Plaintiff's Reply to Defendant's Motion to Dismiss ("Pl.'s Reply"), Dkt. 19, at 1–3.) The Court agrees with Plaintiff.

Plaintiff's Complaint alleges that he received four calls to "his residential telephone line" (Compl., Dkt. 1, ¶¶ 40–43), and his First Cause of Action broadly alleges that Defendant violated § 227(b)(1) (*id.* ¶ 45). The Court finds that the distinction between the cellular telephone and residential telephone subdivisions of § 227(b)(1) is immaterial for the purposes of Plaintiff's claim under § 227(b)(1). While no court in this district has squarely addressed the issue,[5] other courts have noted that the statutory damages provision of the TCPA as relevant to § 227(b)(1) does not

---

[5] Plaintiff discusses two cases in which a district court found that "the differences between residential and cell-phone calls were not material": *Fisher v. MJ Christensen Jewelers, LLC*, No. 15-CV-00358, 2018 WL 1175215 (D. Nev. Mar. 6, 2018), and *Wakefield v. ViSalus, Inc.*, No. 15-CV-1857, 2019 WL 3945243 (D. Or. Aug. 21, 2019). (Pl.'s Reply, Dkt. 19, at 1–3.) In *Fisher*, the plaintiff alleged that calls were made to his cell phone, and the Court "[did] not find that [the] [d]efendants would be prejudiced by a class definition that includes both landlines and cell phones" in ruling on the plaintiff's motion to certify a class and defendant's motion for summary judgment. 2018 WL 1175215, at *1, 3. In *Wakefield*, the plaintiff alleged only calls made to her residential line, and the court denied the defendant's post-trial motion to decertify the class because the court "[did] not agree that individualized issues associated with determining whether a particular class member was called on a residential landline or a cellular telephone prevent[ed] class certification." 2019 WL 3945243, at *2, 6. Neither of these cases addresses the residential-cellular distinction at the motion-to-dismiss stage, and the Court is unable to find any applicable precedent in this Circuit.

distinguish between calls made to cellular and residential phones. *See* 47 U.S.C. § 227(b)(3)(A) (providing a private right of action "based on a violation of this subsection or the regulations prescribed under this subsection"); *Wakefield*, 2019 WL 3945243, at *6 ("[T]he statutory damages do not differentiate between calls made to residential landlines and cellular telephones." (citing 47 U.S.C. § 227(b)(3))). Moreover, at the motion-to-dismiss stage, this Court has previously found "premature" the argument that Plaintiff, who only alleged receiving a call on his residential line, was not an adequate representative for putative class members who received calls on their cellular phones, and permitted that argument to be "re-raised on a motion for class certification." *See Bank v. CreditGuard of Am.*, No. 18-CV-1311 (PKC), 2019 WL 1316966, at *1, 13 (E.D.N.Y. Mar. 22, 2019), *reconsideration denied*, 2019 WL 1865196 (E.D.N.Y. Apr. 24, 2019). The Court follows the same logic here and does not find that Plaintiff's § 227(b)(1) claim is deficient simply because it alleges only that he received calls to a residential rather than cellular telephone.

### 2.   Identity of the Caller

Defendant next argues that Plaintiff has failed to state a claim under § 227(b)(1) because, despite alleging in the Complaint that Defendant "initiated . . . thousands of telephone calls using a prerecorded voice to deliver a message for the purpose of encouraging the purchase or rental of energy-discount services provided by [Defendant]" (Compl., Dkt. 1, ¶ 29), the prerecorded message did not contain Defendant's name, address, or telephone number (*id.* ¶¶ 37–39). (Def.'s Br., Dkt. 18, at 2–3.)

In support of dismissal, Defendant points to *Bank v. Vivint Solar, Inc.*, another TCPA case brought by Plaintiff in this district, in which the court dismissed a similar TCPA claim. *See* No. 18-CV-2555 (MKB) (RLM), 2019 WL 1306064, at *5 (E.D.N.Y. Mar. 22, 2019) (adopting in its entirety Report and Recommendation that recommended granting defendant's 12(b)(6) motion to

dismiss Plaintiff's TCPA claim).   In *Vivint Solar*, Plaintiff similarly alleged that the call at issue did not include "the name, address, or telephone number of the entity on whose behalf the [telephone call] was placed."   *Id.*   Noting that "Plaintiff only allege[d] that the Prerecorded Call 'promoted residential solar-energy services,' not that the Prerecorded Call promoted [the] [d]efendant's goods and services," the Honorable Margo K. Brodie found that "there [were] no factual allegations to support the conclusory statement that [d]efendant placed or directed the placement of [the call]."   *Id.*   Although here Plaintiff alleges that the calls specifically "encourag[ed] the purchase or rental of energy-discount services provided by [Defendant]" (Compl., Dkt. 1, ¶ 30), the Court finds this allegation, while perhaps a step closer to creating an inference that Defendant placed or directed the call, is still not enough.   This allegation is not materially different from the same Plaintiff's allegation in *Vivint Solar*, when read in conjunction with his allegation that the call "did not state the name" of the entity on whose behalf the calls were placed. (*Id.* at ¶ 37.)   Simply put, Plaintiff cannot plausibly allege that the energy-discount services were provided by Defendant if Defendant's name was not stated on the call, and the Complaint otherwise fails to allege other facts connecting the call to Defendant beyond the call's promotion of Defendant's services.

In response, Plaintiff argues that "Rule 8(a) pleading does not require such details regarding how [Plaintiff] identified Spark." (Pl.'s Reply, Dkt. 19, at 6.)   Plaintiff relies on cases outside this Circuit in which a complaint alleging violations of the TCPA lacked similarly specific allegations but still survived a motion to dismiss.   *See Mendez v. Optio Sols., LLC*, 219 F. Supp. 3d 1012, 1016 (S.D. Cal. 2016) (finding that the plaintiff need not have alleged the plaintiff's "complete cellular phone number [that the defendant allegedly called], as well as specific dates and times for the calls and messages received" to state a valid TCPA claim); *Stewart v. T-Mobile*

*USA, Inc.*, 124 F. Supp. 3d 729, 733 (D.S.C. 2015) (finding that the plaintiff need not have provided the "specific cellular telephone number" that the defendant allegedly called and/or the "exact dates and times of the telephone calls" in order to state a plausible TCPA claim).  These cases are easily distinguished from the present action, as those plaintiffs had already established the link between the defendants and the phone calls at issue.  In *Mendez*, the defendant argued that the plaintiff had failed to allege information necessary for the defendant to identify the calls that it had allegedly made to the plaintiff, such as the plaintiff's phone number, and not that the plaintiff had failed to identify the defendant as the caller.  *See Mendez*, 219 F. Supp. 3d at 1015–16.  In *Stewart*, the plaintiff recited the content of the robocall in which the defendant stated that the plaintiff had a past-due bill and provided the option to speak with a live person.  *See Stewart*, 124 F. Supp. 3d at 730.  The defendant did not dispute that it had made the robocall, but argued that the plaintiff failed to specify details, such as the plaintiff's phone number, and the dates and times when the calls were allegedly made.  *Id.* at 732.  These cases do not support a finding that a TCPA claim is sufficiently stated where the complaint does not contain specific, non-conclusory factual allegations from which to plausibly infer that the defendant initiated the calls.[6]

---

[6] Courts in this district have dismissed other TCPA claims brought by Plaintiff based on slightly different permutations of these facts.  In *Bank v. Alliance Health Networks, LLC*, Plaintiff alleged that he had received two prerecorded calls to his residential telephone number, but did not allege that the calls were made "by, or on behalf of, or with the authorization of, [the defendants]."  *See* No. 15-CV-213 (JG) (VMS), 2015 WL 4645317, at *1 (E.D.N.Y. Aug. 4, 2015), *aff'd*, 669 F. App'x 584 (Mem).  The Honorable John Gleeson granted the defendants' motion to dismiss "on the ground that Bank failed to allege facts giving rise to a plausible inference that the defendants are liable for the calls."  *Id.* at *2.  In *Bank v. Pro Custom Solar*, Plaintiff alleged that he received two unsolicited calls on his residential line and that, upon answering the calls, a prerecorded voice asked Plaintiff a series of questions and then transferred him to a live representative, who told Plaintiff that the calls "had been made in order to promote goods and services of [the defendant]."  416 F. Supp. 3d 171, 172 (E.D.N.Y. 2018).  After the calls, Plaintiff "engaged in research" and ultimately ascertained that the defendant had indeed authorized the calls.  *Id.*  The Honorable LaShann DeArcy Hall found that Plaintiff failed to allege that the defendant itself initiated the

Moreover, and notably, Plaintiff's Complaint deliberately omitted critical information relevant to Defendant's involvement in the calls at issue. At oral argument on December 3, 2019, Plaintiff told the Court that, when he either pressed "1" or said "yes" during one of the calls, he was directed to a live representative who specifically stated that they were selling energy on behalf of Defendant. (Oral Arg. Tr., Dkt. 22, at 13:15–22.) When asked why he did not include this information in his Complaint, Plaintiff responded that he "purposely made it a barebones complaint with the hope of avoiding [his] having to do another 25 page brief in excruciating detail about [how] [he] spoke to this person with this name on this date and so on." (*Id.* at 17:8–11.)

As "not one single factual statement [in the Complaint] connect[s] the alleged calls to [Defendant]," *All. Health*, 2015 WL 4645317, at *1, and as Plaintiff conceded at oral argument that he omitted critical information from his Complaint, the Court finds that Plaintiff's Complaint lacks sufficient "factual allegations to support the conclusory statement that Defendant [initiated] the placement of [the calls]," *Vivint Solar*, 2019 WL 1306064, at *4. Accordingly, the Court finds that Plaintiff has failed to state a claim under § 227(b)(1) of the TCPA, and dismisses this claim pursuant to Rule 12(b)(6).

**B.    Section 227(c)(5)**

Section 227(c)(5) of the TCPA provides a private right of action for violations of 47 C.F.R. § 64.1200(c)(2), which prohibits telephone solicitation to telephone numbers on the national do-not-call registry. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). Defendant argues that Plaintiff's § 227(c)(5) claim fails because Plaintiff does not allege that his residential telephone number was on the national do-not-call registry. (Def.'s Br., Dkt. 18, at 4.) In response, Plaintiff

calls, *id.* at 173, although she found the facts sufficient to allege that the defendant was vicariously liable for the alleged violations of the TCPA, *id.* at 175.

provides a link to the national do-not-call registry and asks the Court to take judicial notice of the fact that his residential telephone number is on the registry. (Pl.'s Reply, Dkt. 19, at 8.) In reiterating this request at oral argument, Plaintiff explained that his "logic [behind omitting this information from his Complaint] [was] that by making the allegation that [Defendant] violated the regulation [he] would, by definition, be on the registry." (Oral Arg. Tr., Dkt. 22, at 51:8–10.)

The Court disagrees with Plaintiff's "logic" and denies his request that the Court take judicial notice of the fact that his residential telephone number is on the do-not-call registry. While a court may take judicial notice of public records integral, but not attached, to a complaint, the Court may not use such records to establish the truth of the matter asserted therein. *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). Here, Plaintiff asks the Court to do just that in order to make up for his failure to allege a critical fact for his § 227(c)(5) claim. Pursuant to the applicable regulations, an entity may not initiate a telephone solicitation to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2). Federal Rule of Civil Procedure 8 requires that a plaintiff make "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Owens v. Starion Energy, Inc.*, No. 16-CV-1912 (VAB), 2017 WL 2838075, at *1 (D. Conn. June 30, 2017) (finding that plaintiff's allegations that his telephone number was registered on the do-not-call registry, and that plaintiff was the recipient of the telephone calls from the defendant, were sufficient to conclude that the plaintiff had standing under the TCPA). As the Court noted at oral argument, Plaintiff here would have "[his] conclusory allegation that [Defendant] violated a statute subsume[] the necessary facts" of his claim, in contravention of the general pleading rules. (Oral Arg. Tr., Dkt. 22, at 51:11–13.) Moreover,

Plaintiff has not proffered, nor has the Court found, any case law in this Circuit in which a court took judicial notice of the fact that a plaintiff's telephone number was on the national do-not-call registry for the purposes of evaluating a claim under § 227(c)(5) of the TCPA.

The Court accordingly finds that Plaintiff has failed to adequately plead this claim, and dismisses it pursuant to Rule 12(b)(6).

## II.   Plaintiff's GBL § 399-p Claim

Plaintiff also brings a claim under GBL § 399-p(3)(a), which requires disclosure of certain information by telemarketers. (Compl., Dkt. 1, ¶¶ 54–58.) Defendant argues that: (1) Plaintiff lacks standing to allege a claim under the GBL because he does not allege a concrete injury, requiring dismissal for lack of subject matter jurisdiction under Rule 12(b)(1); and that, (2) even if Plaintiff could demonstrate standing, he fails to state a claim upon which relief can be granted because he does not identify Defendant as the entity responsible for making the calls. (Def.'s Br., Dkt. 18, at 4–5.) The Court finds that dismissal of Plaintiff's GBL claim is warranted on both of these grounds.

As an initial matter, having dismissed Plaintiff's TCPA claims, the Court need not exercise supplemental jurisdiction over Plaintiff's state law claim for violation of the GBL. *See* 28 U.S.C. § 1367(c)(3) ("District courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction."); *see also All. of Auto. Mfrs., Inc., v. Currey*, 610 F. App'x 10, 14 (2d Cir. 2015) (summary order) (finding that it was "not improper for the court to decline to exercise its supplemental jurisdiction" after it properly dismissed the plaintiff's federal claims). However, as the Court is granting Plaintiff leave to amend his TCPA claims, the Court next addresses the merits of Plaintiff's GBL claim.

12

Section 399-p(3) of the GBL provides in relevant part that, "[w]henever telephone calls are placed through the use of an automatic dialing-announcing device," such calls are required to "state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and[,] at the end of such message[,] the address, and telephone number" of that person or entity.   N.Y. Gen. Bus. Law § 399-p(3)(a).

## A.    Article III Standing and Injury-in-Fact

The Second Circuit has recognized that, "in the absence of a connection between a procedural violation and a concrete interest, a bare violation of the former does not manifest an injury in fact." *Strubel v. Comenity Bank*, 842 F.3d 181, 189 (2d Cir. 2016) (applying *Spokeo*, 136 S. Ct. at 1540). "Nonetheless, . . . under some circumstances, 'an alleged procedural violation can by itself manifest concrete injury where [the legislature] conferred the procedural right to protect a plaintiff's concrete interests and where the procedural violation presents a risk of real harm to that concrete interest.'" *Jenkins v. Nat'l Grid USA Serv. Co., Inc.*, No. 15-CV-1219 (JS) (GRB), 2017 WL 4250511, at *4 (E.D.N.Y. Sept. 22, 2017) (quoting *Strubel*, 842 F.3d at 189). "Thus, district courts should consider 'whether the particular bare procedural violation may present a material risk of harm to the underlying concrete interest [the legislature] sought to protect.'" *Id.* (citing *Crupar-Weinmann v. Paris Baguette Am., Inc.*, 861 F.3d 76, 80–81 (2d Cir. 2017)).

Here, Plaintiff does not appear to allege any concrete harm under § 399-p and, indeed, alleges even less harm than he did in a prior action before this Court. In *Bank v. CreditGuard of America*, Plaintiff alleged that he spent twenty minutes on the phone trying to determine who had called him. *See* 2019 WL 1316966, at *10. In dismissing Plaintiff's § 399-p claim, this Court noted that the purpose of § 399-p was "[t]o protect a consumer's access to his/her telephone line by requiring an automatic dialing-announcing device to disconnect when the consumer terminates

13

the call." *Id.* For example, concrete harm was apparent where "a mother was delayed for five minutes in using her own phone in order to obtain emergency medical assistance for her son because of an incoming computerized solicitation call." *Id.* Because Plaintiff in *CreditGuard* chose to spend twenty minutes on the phone on his own initiative after the alleged robocall had been disconnected, the Court concluded that "Plaintiff fail[ed] to allege any injury contemplated by the legislature in enacting § 399-p that would establish standing," as "the underlying interest protected by § 399-p is the consumer's need to have access to his or her phone as soon as he or she hangs up." *Id.* Here, Plaintiff does not allege the amount of time he spent on the call or that he was prevented from making or receiving other calls by the alleged robocalls.

Plaintiff relies on *Bank v. Uber Technologies, Inc.*, in which the Honorable Carol Bagley Amon found that Plaintiff sufficiently alleged a material risk of harm under GBL § 399-p(3)(a) where he tried, but was unable, to contact the defendant because the defendant did not disclose any contact information during the robocall monologue. *See* No. 16-CV-5845 (CBA) (VMS), 2019 WL 2385886, at *4 (E.D.N.Y. May 16, 2019). However, the facts of *Uber Technologies* are distinguishable from the allegations before this Court, as Plaintiff there alleged that he heard a call script with repeated mentions of Uber, but that directed him to a number different from the numbers listed on his call display. *Id.* at *1. Judge Amon found that Plaintiff had thus "pleaded a 'real risk of harm' to his ability to contact Uber." *Id.* at *4 (citing *Strubel*, 842 F.3d at 190). Judge Amon went on to note that Plaintiff's ability "to contact Uber in order to stop them from contacting him" was "the interest § 399-p(3)(a) seeks to protect. That interest was put at risk when Uber failed to disclose any information through which Bank could contact them during the robocall monologue." *Id.*

In contrast, Plaintiff's Complaint in this action alleges that Defendant Spark's name, address, and telephone number were not stated on the calls. Plaintiff informed the Court only at oral argument that, after he either pressed "1" or said "yes" when the recorded call ended, he was transferred to a live representative who stated that they were selling energy on behalf of Defendant. (Oral Arg. Tr., Dkt. 22, at 13:15–22.) From the facts alleged in the Complaint, the Court cannot infer that Plaintiff suffered an injury to the "disclosure interest underlying Section 399-p" discussed in *Uber Technologies*. *Id.* at *4 (quoting *Jenkins*, 2017 WL 4250511, at *9). As this Court is unable to fathom any other injury that Plaintiff may have suffered in either version of events—whether those alleged in his Complaint or stated during oral argument—the Court finds that Plaintiff lacks Article III standing to allege his GBL claim.

> **B.      Failure to State a Claim**

Even were the Court to find that Plaintiff had standing to bring his claim under GBL § 399-p(3)(a), his claim would still fail pursuant to Rule 12(b)(6) for the reasons discussed *supra* with respect to Plaintiff's TCPA claims—namely, that Plaintiff's Complaint specifically alleges that Defendant's name, address, and telephone number were not stated on the calls to Plaintiff's telephone. In contrast, in *Uber Technologies*, Plaintiff included in his allegations a recitation of the contents of the call, which specifically and repeatedly referred to Uber by name. *See* 2019 WL 2385886, at *1. Here, without sufficiently alleging that Defendant made the call, Plaintiff does not connect Defendant to the alleged GBL violation. Plaintiff accordingly fails to plead sufficient facts to survive Defendant's motion to dismiss his GBL claim.

## III.     Leave to Amend

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its complaint once as a matter of course within 21 days after serving the complaint or within 21 days after a responsive

pleading has been served.  Fed. R. Civ. P. 15(a)(1).  Where the time for amendment as a matter of course has passed, a party may amend its pleading with the opposing party's written consent or with leave of the Court.  *See* Fed. R. Civ. P. 15(a)(2).  "The [C]ourt should freely give leave [to amend] when justice so requires."  *Id.*  Nevertheless, "it is within the sound discretion of the [Court] to grant or deny leave to amend."  *Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009) (internal quotation and citation omitted).  Leave to amend may be denied if amendment would be futile.  *Ong v. Chipotle Mexican Grill, Inc.*, 294 F. Supp. 3d 199, 240 (S.D.N.Y. 2018) (citing *Knife Rights, Inc. v. Vance*, 802 F.3d 377, 389 (2d Cir. 2015)).  "Amendment is futile if the 'amended portion of the complaint would fail to state a cause of action,'" *id.* (quoting *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000)), and so an amended complaint must be "sufficient to withstand a motion to dismiss under [Federal Rule of Civil Procedure] 12(b)(6)," *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson*, 551 U.S. at 94 (internal quotations and citation omitted).  However, "[a]lthough *pro se* litigants are generally entitled to special solicitude, Bank is not because he is an attorney."  *Bank v. U.S. Dep't of Health & Hum. Servs.*, 708 F. App'x 43, 44 (2d Cir. 2018) (summary order).

Furthermore, with respect to his TCPA claims, Plaintiff was well aware of the inadequacy of the factual allegations in his Complaint with respect to those claims and yet chose not to include the necessary allegations, which he acknowledges he always had the ability to do.  With respect to his § 227(b)(1) claim, which the Court has dismissed because it fails to sufficiently identify Defendant as the initiator of the calls, Plaintiff revealed at Oral Argument that, when he pressed

16

"1," he was directed to a representative who confirmed that the calls were made on Defendant's behalf—information Plaintiff consciously omitted from the Complaint.  (Oral Arg. Tr., Dkt. 22, at 17:8–11 (explaining why he omitted the information about Defendant having initiated the call and stating that, "I purposely made it a barebones complaint with the hope of avoiding my having to do another 25 page brief in excruciating detail about [how] I spoke to this person with this name on this date and so on").)  Similarly, with respect to his § 227(c)(5) claim, which the Court has dismissed because it fails to allege that Plaintiff's residential telephone number was on the national do-not-call registry, rather than simply alleging this fact in the Complaint, Plaintiff now asks the Court to take judicial notice of the fact that Plaintiff's number is on the registry.  (*Id.* at 51:8–10 (explaining that his "logic" behind omitting the national call registry allegation was that, by merely asserting a claim against Defendant, it could be inferred that Plaintiff "would, by definition, be on the registry").)  It bears repeating that this is not a situation involving an unsophisticated *pro se* plaintiff who is unaware of the legal requirements of his claims; to the contrary, Plaintiff is an attorney who regularly brings TCPA claims and knows very well how to plead these claims. However, as his statements demonstrate, Plaintiff could not be bothered to do so here.

Because the Court strongly disapproves of Plaintiff's cavalier and unprofessional attitude with respect to the drafting of his Complaint—*i.e.*, deliberately omitting critical factual allegations based on specious, unconvincing, and seemingly *ad hoc* reasoning—the Court will require Plaintiff to show cause why the Court should overlook his knowing and deliberate failure to include factual allegations essential to his TCPA claims and why he should be permitted to file an amended complaint to cure the deficiencies in his TCPA and GBL § 399-p claims.

## CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss is granted in its entirety, but without prejudice.  Plaintiff shall show cause within thirty (30) days from the date of this Order why he should be permitted to file an amended complaint.  Defendant may, but is not required, to respond within two (2) weeks of Plaintiff's show cause submission.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: September 24, 2020
Brooklyn, New York

18