IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SPARK ENERGY, LLC,<br><br>*Defendant*. | Case No. 1:19-CV-04478-PKC-LB |

**SPARK ENERGY LLC'S MOTION TO STRIKE PLAINTIFF'S REPLY REGARDING HIS SHOW-CAUSE DECLARATION AND PROPOSED AMENDED COMPLAINT**

This Court's reply page limit is 10 pages. J. Pamela K. Chen's Indiv. Prac. & R. at 3(B). Without requesting leave or offering any excuse, Plaintiff filed a 13-page reply (Dkt. 26) (the "Reply") that erroneously attacks Spark Energy, LLC ("Spark") for concluding, as the Court has already found, that Plaintiff's admitted refusal to comply with basic tenets of the Federal Rules of Civil Procedure was intentional and deliberate. While Plaintiff's continued attempts to explain away his bad faith are without merit, and exceeding the reply limit by 30% likewise evidences his disregard of this Court's rules,[1] the Court need not consider the Reply at all. "A district court has discretion in deciding whether to strike a submission not in compliance with a local rule." *Guity v. Uniondale Union Free Sch. Dist.*, No. CV:15-5693, 2017 WL 9485647, at *6 (E.D.N.Y. Feb. 23, 2017), rep. & rec. adopted, 2017 WL 1233846 (E.D.N.Y. Mar. 31, 2017) (citing *Laboy v. Ontario Cty., N.Y.*, 56 F. Supp. 3d 255, 259 (W.D.N.Y. 2014) (granting motion to strike

---

[1] Ironically, one of Plaintiff's explanations for failing to plead properly in this case is that he purportedly wanted to *avoid* writing long briefs. Oral Arg. Tr. (Dkt. 22) at 17:8-11 ("I purposely made it a barebones complaint with the hope of avoiding my having to do another 25 page brief[.]").

1

memorandum that exceeded page limit)); *Clark v. City of New York*, 09:CV-2533PKC, 2015 WL 5719612, at *1 (E.D.N.Y. Sept. 29, 2015) (disregarding pages over the Court's limit).

Based on Plaintiff's violation of this Court's rules, Spark respectfully requests that the Court strike Plaintiff's Reply (or at least disregard pages beyond page 10), dismiss this case with prejudice, and grant Spark all other relief to which it is entitled.

Dated: October 19, 2020

Respectfully Submitted,

*/s/ Michelle D. Pector*

Regina Schaffer-Goldman
regina.schaffer-goldman@morganlewis.com
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6000

Ezra Dodd Church (*pro hac vice*)
ezra.church@morganlewis.com
1701 Market Street
Philadelphia, Pennsylvania 19103
Phone: (215) 963-5000

Michelle D. Pector (*pro hac vice*)
michelle.pector@morganlewis.com
Morgan, Lewis & Bockius LLP
1000 Louisiana, Suite 4000
Houston, TX 77002
Phone: (713) 890-5000

*Attorneys for Defendant Spark Energy, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2020, the undersigned caused to be served the foregoing upon the counsel of record listed below via e-mail:

    Todd C. Bank, Esq.
    Attorney at Law, P.C.
    119-40 Union Turnpike
    Fourth Floor
    Kew Gardens, NY 11415
    tbank@toddbanklaw.com

    *Counsel for Plaintiff Todd C. Bank*

    */s/ Michelle D. Pector*
    *Counsel for Defendants*