UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
TODD C. BANK, Individually and on
Behalf of All Others Similarly Situated,

                        Plaintiff,                             **MEMORANDUM & ORDER**
                                                                                     19-CV-04478 (PKC) (LB)

        - against -

SPARK ENERGY, LLC,

                        Defendant.
----------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

        On September 24, 2020, the Court granted the motion of Defendant Spark Energy, LLC ("Defendant" or "Spark") to dismiss the complaint in this matter. The Court dismissed the complaint without prejudice, and, because of the circumstances surrounding the dismissal, ordered Plaintiff Todd C. Bank ("Plaintiff" or "Bank") to show cause why he should be permitted to file an amended complaint. Pending before the Court are Plaintiff's response to the show-cause order and Defendant's opposition, and Defendant's motion to strike the reply filed by Plaintiff without leave of the Court. For the following reasons, the Court denies Plaintiff leave to file an amended complaint and denies the motion to strike.

## BACKGROUND

        Plaintiff, an attorney acting *pro se*, filed the present action individually and on behalf of three proposed classes, alleging that Defendant violated two provisions of the Telephone Consumer Protection Act ("TCPA")—47 U.S.C. §§ 227(b)(1) and (c)(5)—and New York General Business Law ("GBL") § 399-p. (Complaint, Dkt. 1, ¶¶ 45, 50–51, 55.) Defendant moved to dismiss all claims, and following a hearing, the Court granted the motion in full. *Bank v. Spark Energy, LLC*, No. 19-cv-4478, 2020 WL 5752185, at *1 (E.D.N.Y. Sep. 24, 2020). As explained

in the Court's September 24, 2020 order, Plaintiff failed to state a plausible claim under 47 U.S.C. § 227(b)(1) because he did not allege facts sufficiently connecting Defendant to the calls at issue. *Id.* at *4–5.  Plaintiff failed to state a plausible claim under 47 U.S.C. § 227(c)(5) because he did not allege that his residential telephone number was on the national do-not-call registry. *Id.* at *5. Finally, Plaintiff lacked standing to bring his claim under GBL § 399-p because he failed to allege any concrete injury related to the interests protected under GBL § 399-p. *Id.* at *7.  And, in any event, Plaintiff's GBL § 399-p claim failed because he did not allege facts that plausibly connected Defendant to the purportedly unlawful calls. *Id.*

Although the Court dismissed Plaintiff's claims without prejudice, *id.* at *9, it hesitated to grant Plaintiff leave to file an amended complaint because of representations Plaintiff had made during the motion hearing that appeared to indicate that he "was well aware of the inadequacy of the factual allegations in his Complaint," yet deliberately "chose not to include the necessary allegations." *See id.* at *8.  Strongly disapproving of "Plaintiff's cavalier and unprofessional attitude with respect to the drafting of his Complaint," the Court ordered Plaintiff to show cause as to "why the Court should overlook his knowing and deliberate failure to include factual allegations essential to his TCPA claims and why he should be permitted to file an amended complaint to cure the deficiencies in his TCPA and GBL § 399-p claims." *Id.*

Plaintiff responded to the show-cause order and included a proposed amended complaint. (Plaintiff's Response to Order to Show Cause ("Pl's Resp."), Dkt. 24, at ECF[1] 1–5; Proposed Amended Complaint ("Proposed Am. Compl."), Dkt. 24, at ECF 7–20.)  Defendant opposed the response, arguing that Plaintiff should not be permitted to amend his complaint.  (Defendant's

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

2

Opposition to Plaintiff's Show-Cause Declaration and Proposed Amended Complaint ("Def's Opp."), Dkt. 25.) Without seeking leave, Plaintiff filed a 13-page reply, which exceeds the Court's 10-page limit on reply briefs. (*See* Plaintiff's Reply ("Pl's Reply"), Dkt. 26; Individual Practices and Rules, Rule 3B.) Defendants moved to strike the reply entirely or, in the alternative, to have the pages beyond the 10-page limit disregarded. (Defendant's Motion to Strike ("Mot. to Strike"), Dkt. 27.) Plaintiff filed a declaration in response to the motion to strike. (Plaintiff's Declaration in Opposition to Motion to Strike ("Pl's Decl."), Dkt. 28.)

## DISCUSSION

### I. Leave to Amend

Once the time for amending a pleading as a matter of course has passed, as is the case here, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Although Rule 15(a) . . . provides that leave to amend shall be freely given when justice so requires, it is within the sound discretion of the district court to grant or deny leave to amend." *Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)) (internal quotation marks omitted); *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

In exercising its discretion, a district court must bear in mind that the overall goal is "to secure the just, speedy, and inexpensive determination of every action." *See Foman*, 371 U.S. at 182 ("The Rules themselves provide that they are to be construed 'to secure the just, speedy, and inexpensive determination of every action.'" (quoting Fed. R. Civ. P. 1)). Indeed, this is the "paramount command" of the Federal Rules of Civil Procedure. *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016). As such, "[t]he Federal Rules reject the approach that pleading is a game of skill . . . ." *Foman*, 371 U.S. at 181 (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957), *abrogated by Bell Atl. Corp v. Twombly*, 550 U.S. 544 (2007)). Rule 15(a) therefore expressly provides that

3

a court should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). But "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy*, 482 F.3d at 200 (citing *Foman*, 371 U.S. at 182). When the party wishing to amend its pleading under Rule 15(a) "has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactingly." *State Trading Corp. of India v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990). Nonetheless, a court's "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman*, 371 U.S. at 182; *accord McCarthy*, 482 F.3d at 200–01.

As detailed below, in light of the purpose of Rule 15(a)—indeed of all the Rules—to ensure the "just, speedy, and inexpensive" resolution of cases, the Court finds good reason in this case to exercise its discretion to deny Plaintiff leave to amend his complaint.

    **A.**    **TCPA Claims**

Plaintiff's TCPA claims were dismissed for failure to state a claim because Plaintiff failed to allege facts plausibly connecting Defendant to the calls at issue and failed to allege that his residential telephone number was on the national do-not-call registry, an element of his § 227(c)(5) claim. 2020 WL 5752185, at *4–6. Although Plaintiff's Proposed Amended Complaint appears to correct these deficiencies (Proposed Am. Compl., Dkt. 24, at ECF 12–15, ¶¶ 40–73), the Court denies leave to amend on grounds of bad faith and undue prejudice and delay.

A plaintiff is "not entitled to an advisory opinion from the Court informing them of the deficiencies in the complaint and then an opportunity to cure those deficiencies." *In re Gen. Elec. Co. Sec. Litig.*, No. 09-CV-1951 (DLC), 2012 WL 2892376, at *4 (S.D.N.Y. July 12, 2012) (quoting *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007)). Accordingly, a court

may find bad faith under Rule 15(a) where a party deliberately "waited to see 'how [they] would fare on the prior motion to dismiss'" before requesting leave to amend. *Id.* (quoting *Vine v. Beneficial Fin. Co.*, 374 F.2d 627, 637 (2d Cir. 1967)). A court may also find bad faith when a party "withhold[s] facts clearly known to it prior to the filing of the complaint," particularly "when done for some ulterior purpose, . . . unless satisfactory explanation clearly shows [a lack of bad faith]." *CA-POW! v. Town of Greece, N.Y.*, No. 10-CV-6035 (CJS), 2010 WL 3663409, at *5 (W.D.N.Y. Sept. 14, 2010) (quoting *GSS Props., Inc. v. Kendale Shopping Ctr., Inc.*, 119 F.R.D. 379, 381 (M.D.N.C. 1988)). In addition to the presence of bad faith, a court may deny a proposed amendment as unduly prejudicial "when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." *City of New York v. Grp. Health Inc.*, 649 F.3d 151, 158 (2d Cir. 2011) (quoting *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725–26 (2d Cir. 2010)). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (quoting *State Tchrs. Ret. Bd. v. Flour Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)).

This case involves more than mere delay. As Plaintiff admitted at the motion hearing, he knew of, and "easily" could have alleged in the original complaint, the critical facts only now included in the Proposed Amended Complaint. (Hearing Transcript ("Tr."), Dkt. 22, at 4:15–5:4.) But, at the motion hearing, Plaintiff told the Court that he omitted these critical facts because he believed that they did not need to be alleged under the standard of notice pleading. (Pl's Resp., Dkt. 24, at ECF 2, ¶ 5; *see also* Tr., Dkt. 22, at 7:11–13 ("I deliberately made the complaint the way I did it because on principle I thought it was sufficient.").)

Plaintiff's explanation is vexing, if not incredible. Plaintiff is an attorney who has filed numerous cases alleging the exact same types of claims alleged here, and time and time again, those claims have been dismissed because of a failure to allege the same sorts of crucial facts that Plaintiff omitted in this case. *See, e.g.*, *Bank v. Vivint Solar, Inc.*, No. 18-CV-2555 (MKB) (RLM), 2019 WL 1306064, at *4–5 (E.D.N.Y. Mar. 22, 2019), *adopting report and recommendation* 2015 WL 2280731, at *2–6 (E.D.N.Y. Feb. 25, 2019); *Bank v. All. Health Networks*, No. 15-CV-213 (JG) (VMS), 2015 WL 4645317, at *1–2 (E.D.N.Y. Aug. 4, 2015), *aff'd*, 669 F. App'x 584 (2d Cir. 2016) (summary order); *Bank v. Philips Elecs. N. Am. Corp.*, No. 14-CV-5312 (JG) (VMS), 2015 WL 1650926, at *2–3 (E.D.N.Y. Apr. 14, 2015); *McCabe v. Caribbean Cruise Line, Inc.*, No. 13-CV-6131, 2014 WL 3014874, at *2 (E.D.N.Y. July 3, 2014).[2] Moreover, Plaintiff has shown that he knows how to plead the crucial facts he omitted here, and to do so prior to a defendant's motion to dismiss. *See, e.g.*, *Bank v. CreditGuard of Am.*, No. 18-CV-1311 (PKC) (RLM), 2019 WL 1316966, at *1–2, 8–9 (E.D.N.Y. Mar. 22, 2019); *Banks v. Pro Custom Solar*, 416 F. Supp. 3d 171, 172–75 (E.D.N.Y. 2018). Based on both the volume of, and rulings in, the TCPA cases Plaintiff has filed, it is plain that he specializes in this area, and the Court rejects any

---

[2] Plaintiff has filed many additional cases alleging similar TCPA claims that have been dismissed for various other reasons. *See, e.g.*, *Bank v. Verde Energy USA, Inc.*, No. 19-CV-1472 (AMD) (LB), 2020 WL 5596046, at *1 (E.D.N.Y. Sept. 18, 2020); *Leyse v. Bank of Am., Nat'l Ass'n*, No. 11-CV-7128 (SDW) (SCM), 2020 WL 1227410, at *1 (D.N.J. Mar. 13, 2020); *McCabe v. Lifetime Ent. Servs., LLC*, No. 17-CV-908 (ERK) (SJB), 2018 WL 1521860, at *1 (E.D.N.Y. Jan. 4, 2018), *report and recommendation adopted*, Docket Order (E.D.N.Y. Mar. 26, 2018), *aff'd*, 761 F. App'x 38 (2d Cir. 2019) (summary order), *cert. denied*, 140 S. Ct. 81 (2019); *Bank v. Uber Techs., Inc.*, No. 15-CV-4858 (JG), 2015 WL 8665441, at *1 (E.D.N.Y. Dec. 11, 2015), *aff'd*, 669 F. App'x 579 (2d Cir. 2016) (summary order); *Bank v. Indep. Energy Grp.*, No. 12-CV-1369 (JG) (VMS), 2015 WL 4488070, at *1 (E.D.N.Y. July 23, 2015); *Bank v. Spark Energy Holdings, LLC*, No. 4:11-CV-4082 (MH), 2013 WL 5724507, at *11 (S.D. Tex. Oct. 18, 2013). Indeed, Plaintiff has brought so many of these cases that one court in this district decided that it could dismiss one of them in a one-sentence docket order without reasoning or written opinion. *Bank v. Alarm.com Holdings, Inc.*, No. 19-CV-2332 (WFK) (PK), Docket Order (E.D.N.Y. Feb. 4, 2020), *aff'd*, No. 20-463, —F. App'x—, 2020 WL 5540559 (2d Cir. Sept. 16, 2020) (summary order).

suggestion that Plaintiff did not know what facts had to be alleged for his two TCPA claims in this case. Whatever tactical reason Plaintiff may have had for knowingly omitting essential facts in this case, the circumstances here justify a finding of bad faith and the denial of leave to amend. *See In re Gen. Elec.*, 2012 WL 2892376, at *5 (finding bad faith where plaintiff made a "tactical decision" to disclaim certain allegations and wait until after the court granted a motion to dismiss to change its legal theory); *Lee v. Regal Cruises, Ltd.*, 916 F. Supp. 300, 303–04 (S.D.N.Y. 1996) (concluding that plaintiff's delayed effort to bolster her case with new facts and legal theories after defendant moved for summary judgment evinced bad faith, and provided a sufficient basis for denying leave to amend); *GSS Props.*, 119 F.R.D. at 381 (denying leave to amend partly because plaintiff "was fully advised of the facts constituting the amendment prior to filing suit," and thus, the amendment was made "to secure some ulterior tactical advantage"); *see also Skuld*, 921 F.2d at 418 (upholding district court's finding of bad faith and denial of leave to amend, where plaintiff made the "tactical" decision to wait for the court to decide on the existing causes of action before seeking leave to amend and add new allegations).

Plaintiff also seeks to justify his deliberate omission of critical facts on the basis that Defendant would have brought a motion to dismiss regardless of the level of detail in the Complaint. (*See* Tr., Dkt. 22, at 17:2–11 ("[I]t could be pages of details—the defendant always says, oh, that's not enough. . . . I purposely made it a barebones complaint with the hope of avoiding my having to do another 25 page brief in excruciating detail . . . .").) In other words, rather than carefully, or even just properly, crafting a complaint, Plaintiff decided to draft a "barebones" complaint—that he had to know was missing key factual allegations, including an element of one claim—and "wait[] to see how he would fare on [a] motion to dismiss." *See In re Gen. Elec.*, 2012

7

WL 2892376, at *4 (quoting *Vine*, 374 F.2d at 637).  This is no reason to grant leave to amend.  Instead, it is further evidence of Plaintiff's bad faith.

Finally, allowing Plaintiff to amend his complaint would cause undue delay and prejudice.  At this point, Defendant has spent time and money litigating a motion to dismiss, and the Court has expended valuable resources deciding that motion.  Allowing Plaintiff to amend his complaint would likely lead to a second round of motion practice that could have been avoided had Plaintiff originally pleaded facts that he had knowledge of prior to filing this case and certainly should have known were critical to the sufficiency of his complaint.  In a different case, the likelihood of additional, avoidable rounds of motion practice may be inconsequential to the Court's balancing of factors, but here, in light of the circumstances, that likelihood adds to the other reasons weighing against granting Plaintiff leave to amend.  *See In re Gen. Elec.*, 2012 WL 2892376, at *5 (concluding that denying leave to amend was warranted under Rule 15 because of the plaintiff's bad faith and the significant additional resources that the defendant would have to expend); *see also Skuld*, 921 F.2d at 418 ("[A] busy district court need not allow itself to be imposed upon by the presentation of theories seriatim." (quoting *Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967))).  Plaintiff argues that he has provided to Defendant "every piece of evidence" that he has, such that there would be little, if any, discovery needed.  (*See* Pl's Resp., Dkt. 24, at ECF 2–3, ¶ 6 (quoting Tr., Dkt. 22, at 17).)  Even if that were true, the point is immaterial: Plaintiff's deliberately deficient pleading has already needlessly wasted everyone's time and resources.

In short, the facts and circumstances here indicate bad faith, and nothing in Plaintiff's response to the Order to Show Cause clearly shows otherwise.  *See CA-POW!*, 2010 WL 3663409, at *5 ("Generally, when a plaintiff withholds his true position from his opponent, especially when done for some ulterior purpose, the Court may view the action as having a bad faith motive unless

8

satisfactory explanation clearly shows otherwise." (quoting *GSS Props.*, 119 F.R.D. at 381)). Accordingly, leave to amend the TCPA claims is denied.

      **B.**      **GBL § 399-p Claim**

Having denied Plaintiff leave to amend his TCPA claims, the Court need not allow Plaintiff to amend his state-law claim under GBL § 399-p, as a matter of supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *see also Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988))). In this case, none of the factors—judicial economy, convenience, fairness, or comity—compels exercising supplemental jurisdiction, and the Court denies Plaintiff leave to amend his GBL § 399-p claim on that ground.

Furthermore, even if there were no bad faith or undue delay and prejudice, and Plaintiff were permitted to amend his TCPA claims, the Court would still deny leave to amend the GBL § 399-p claim because the amendment would be futile. The Court's September 24, 2020 order explains: "From the facts alleged in the Complaint, the Court cannot infer that Plaintiff suffered an injury to the disclosure interest underlying Section 399-p," and thus, "Plaintiff lacks Article III standing to allege his GBL claim." 2020 WL 5752185, at *7 (citation and internal quotation marks omitted). Plaintiff's Proposed Amended Complaint does not—and cannot—cure Plaintiff's lack of injury-in-fact, and hence his lack of constitutional standing to bring his GBL § 399-p claim.

Plaintiff's GBL § 399-p claim specifically alleges a violation of GBL § 399-p(3)(a). (Proposed Am. Compl., Dkt. 24, at ECF 16, ¶ 85; *see also* Complaint, Dkt. 1, at ECF 7, ¶ 55.) That provision provides in relevant part that, "[w]henever telephone calls are placed through the

9

use of an automatic dialing-announcing device," the device shall "state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and[,] at the end of such message[,] the address, and telephone number" of that person or entity.  N.Y. Gen. Bus. Law § 399-p(3)(a).  Although it is unclear what particular interest § 399-p(3)(a) is meant to protect, courts in this district have concluded that "the New York state legislature passed the information-disclosure provision of § 399-p in order to ensure that consumers will be able to contact callers if they desired to self-help and avoid receiving calls in the future."  *Bank v. Uber Techs., Inc.*, No. 16-CV-5845 (CBA) (VMS), 2019 WL 2385886, at *4 (E.D.N.Y. May 16, 2019); *see also Jenkins v. Nat'l Grid USA Serv. Co.*, No. 15-CV-1219 (JS) (GRB), 2017 WL 4250511, at *8 (finding "virtually no evidence of an intent to protect a consumer's interest in receiving identifying information in the legislative history," but nevertheless assuming that "consumers have concrete interests in access to their phone lines and receiving identifying information from entities calling them using automatic dialing-announcing devices"); *CreditGuard*, 2019 WL 1316966, at *10–11 (following *Jenkins*).

Even where the legislature "has statutorily conferred legal interests on consumers, a plaintiff only has standing to sue if she can allege concrete and particularized injury to that interest."  *Strubel v. Comenity Bank*, 842 F.3d 181, 188 (2d Cir. 2016).  Procedural violations that inflict "intangible harm," such as "the failure to receive a required disclosure," may manifest concrete injury.  *Id.* (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016)).  But not automatically so.  *See id.* at 188–89; *see also Spokeo*, 136 S. Ct. at 1549 ("Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.").  "[E]ven where [the legislature] has accorded

10

procedural rights to protect a concrete interest, a plaintiff may fail to demonstrate concrete injury where violation of the procedure at issue presents no material risk of harm to that underlying interest." *Strubel*, 842 F.3d at 190 (citing *Spokeo*, 136 S. Ct. at 1549).

Here, Plaintiff's Proposed Amended Complaint does not plausibly allege a material risk of harm to the purported interests underlying GBL § 399-p(3)(a). In fact, the factual allegations in the Proposed Amended Complaint that Plaintiff added to cure the deficiencies in his TCPA claims affirmatively show that Plaintiff (and other putative class members) suffered no material risk of harm. Specifically, at the conclusion of the pre-recorded messages at issue, Plaintiff was able to "press[] zero on his telephone keypad, upon which he was transferred to a live person." (Proposed Am. Compl., Dkt. 24, at ECF 12, ¶ 43; *see also id.* at ECF 14, ¶ 70.) The live person provided Plaintiff with a name and telephone number, which Plaintiff later was able to use to reach Defendant's customer-service department. (*See* Proposed Am. Compl., Dkt. 24, at ECF 13–15, ¶¶ 52, 60, 62, 71–72.) These allegations demonstrate that Plaintiff, as well as any other putative class member, could obtain Defendant's contact information, and even ultimately contact Defendant, "if they desired to self-help and avoid receiving calls in the future." *See Uber Techs.*, 2019 WL 2385886, at \*4. Thus, Plaintiff cannot show a "material risk of harm" to the theoretical interests underlying GBL § 399-p in this case, and he lacks standing to bring a claim under that provision. *See Strubel*, 842 F.3d at 190.

Plaintiff relies on *Uber Technologies*, 2019 WL 2385886, to argue that he has standing (*see, e.g.*, Pl's Resp., Dkt. 24, at ECF 3–4, ¶ 7–8), but that case is readily distinguishable. In *Uber Technologies*, Bank sufficiently alleged "that he was not provided with any contact information for Uber." 2019 WL 2385886, at \*4. That is not the case here, where he was provided with a

11

name and telephone number that he ultimately used to contact Defendant. (*See* Proposed Am. Compl., Dkt. 24, at ECF 13–15, ¶¶ 52, 60, 62, 71–72.)

Because Plaintiff lacks constitutional standing to bring his GBL § 399-p claim, any amendment would be futile. Accordingly, although the Court denies leave to amend the complaint in toto on account of bad faith and undue delay and prejudice, the Court would deny leave to amend the GBL § 399-p claim in any event on the basis of futility.

## II.     Motion to Strike

Defendant moves to strike Plaintiff's reply brief, which exceeds the Court's individual 10-page limit. (Mot. to Strike, Dkt. 27; *see also* Pl's Reply, Dkt. 26; Individual Practices and Rules, Rule 3B.) The Court "enjoys 'broad discretion to determine whether to overlook a party's failure to comply with local court rules.'" *Brown Publ'g Co. v. Brown*, No. 15-mc-531 (JS), 2017 WL 455418, at *4 (E.D.N.Y. Feb. 1, 2017) (quoting *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001)). Accordingly, although the Court does not generally approve of non-compliance with its Individual Practices and Rules, the Court finds it unnecessary in this case to strike any portion of Plaintiff's reply, as Plaintiff has been denied leave to amend and Defendant has not suffered any prejudice from the unauthorized and overly long reply. *See Nat'l Grid Corp. Servs. v. Brand Energy Servs., LLC*, No. 13-CV-1275 (DRH) (ARL), 2017 WL 1194499, at *10 n.7 (E.D.N.Y. Mar. 30, 2017) (denying the defendant leave to file a motion to strike pages of the plaintiff's reply that exceeded the court's local rules, based on the lack of prejudice to the defendant). Therefore, the motion to strike is denied.

## CONCLUSION

Plaintiff is denied leave to file the Proposed Amended Complaint. Defendant's motion to strike is denied. In light of this Order and the Court's September 24, 2020 Order dismissing all

claims, the Clerk of Court is respectfully directed to enter judgment in favor of Defendant and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 23, 2020
       Brooklyn, New York